UNITED STATES of America, Plaintiff,

v.

Edward Michael CODY, Defendant.

No. 92–CR–345.

United States District Court, D. Colorado.

Feb. 1, 1993.

1124

Wayne Campbell, U.S. Atty., for plaintiff.

Virginia Grady, Asst. Federal Public Defender, for defendant.

ORDER

CARRIGAN, District Judge.

Currently pending are the defendant Edward Michael Cody's motions to suppress evidence. Defendant challenges the search of his home, located at 95 Barta Court, No. 95, Gypsum, Colorado, and his place of employment, Valley Auto, located at 501 U.S. Highway 6, Gypsum, Colorado.

On October 21, 1992, the defendant's home, place of employment and three storage units were searched pursuant to a search warrant issued by Magistrate Judge James M. Robb. Defendant does not seek to suppress anything found in the three storage units, and that search is not involved in the instant motions.

The warrant was based on an affidavit submitted by Kyle W. Bowen of the Drug Enforcement Administration. The material in the affidavit was provided by two informants. The affidavit named one informant, Kevin Dale Thompson. The other informant was identified only as "a cooperating individual working for the Eagle County Sheriff's Office."

■ Defendant argues that the information in the affidavit does not rise to the

level of probable cause because it contains material falsehoods and omits material facts. The United States Supreme Court has set out the standard for a challenge to the validity of an affidavit on the basis of the veracity of its statements:

"where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978).

The same standard governs allegations of deliberate or reckless omissions of material information from the affidavit. *Stewart v. Donges*, 915 F.2d 572, 582–83 (10th Cir.1990). Information is material if it is "so probative as to negate probable cause." *Id.* at 582 n. 13.

I find and conclude that the defendant has made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant" entitling him to a hearing. *Franks*, 438 U.S. at 155, 98 S.Ct. at 2676. That hearing was held on January 14 and 15, 1993.

### A. *False Statements.*

Based on the evidence and arguments presented at the hearing, the court finds that the following paragraphs, or portions of paragraphs, of the affidavit must be stricken because the affiant made them falsely or with reckless disregard for the truth: ¶ 8(k); ¶ 8(n); ¶ 8(p); the portion of ¶ 10 where the affiant stated that the defendant "normally gets methamphetamine for $6,000 a pound....."; ¶ 11(a); the portion of ¶ 11(c) where the affiant stated that "[a]ccording to Thompson, Cody hides "Crank" at his home on Barta Court in Gypsum, Colorado"; and ¶ 17(b).

### B. *Material Omissions.*

■ The omissions asserted are the past criminal records of the two informants mentioned in the affidavit. The affidavit did not set forth the informants' criminal records, nor did it affirmatively indicate that they were previously reliable.

I do not accept the defendant's implication during oral argument that an informant's criminal record must be set forth in an affidavit. In the instant case, this would allow premature revelation of the confidential informant's identity. Moreover, as a practical matter, nearly all informants who are not undercover police officers have criminal records.

Defendant has not provided any binding authority for the proposition that a search warrant affidavit must set forth an informant's criminal record, even in the absence of a statement that the informant was previously reliable. In this case, the absence of the informants' criminal records does not negate probable cause, and is therefore not material. *See United States v. Ofshe*, 817 F.2d 1508 (11th Cir.1987).[1]

Accordingly, I conclude that the absence of the informants' criminal records was not a material omission from the affidavit.

### C. *Probable Cause.*

■ The issue under *Franks* thus becomes whether the allegations remaining in the affidavit are sufficient to support the magistrate judge's finding of probable

---

1. Furthermore, in the instant case, the ongoing nature of the criminal activity and other evidence in the affidavit corroborates much of the material provided by the informants. For example, the confidential informant participated with the officer here involved in two undercover drug purchases which were tape recorded. His information and work had proved reliable and indeed had produced drugs from the subject of the investigation.

cause for the two searches here involved. The standard, to be applied separately to the search (1) of the home and (2) of Valley Auto, is whether the magistrate judge had a substantial basis for concluding that probable cause existed based upon the "totality of the circumstances." *United States v. Bishop*, 890 F.2d 212 (10th Cir. 1989). The "totality of the circumstances" test for probable cause was set forth by the United States Supreme Court:

> "The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

After careful review of the remaining portions of the affidavit, I find and conclude that it is sufficient to establish probable cause for the search of Valley Auto.

■ I further conclude, however, that the affidavit does not provide probable cause for the search of the defendant's home. The only remaining allegation regarding the defendant's home is found in ¶ 10: "The CI also advised that Cody keeps a personal stash of methamphetamine at his residence, 95 Barta Court, Gypsum, Colorado." This bare allegation, without more, is insufficient to create probable cause.

### D. *Good Faith Exception.*

■ Since I have concluded that, as to the search of the home, the warrant lacked probable cause, I must now consider whether the "good faith" exception to the exclusionary rule applies. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The good faith exception is available where "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Id.* at 920, 104 S.Ct. at 3419. The inquiry:

" 'is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.' ... This determination is to be made taking into account 'all of the circumstances' ... and assuming that the executing agents 'have a reasonable knowledge of what the law prohibits.' " *Bishop*, 890 F.2d at 216 (quoting *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).

However, under *Leon*, even if the officers acted in good faith:

> "[s]uppression ... remains an appropriate remedy if the magistrate or judge in issuing a warrant was mislead by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth." *Leon*, 468 U.S. at 923, 104 S.Ct. at 3420.

I have already concluded that the affiant made statements in the affidavit falsely or with reckless disregard for the truth. It defies reason to contend that an affiant who intentionally or recklessly misleads a magistrate judge in order to obtain a search warrant could then be absolved from the normal sanctions by invoking the good faith exception to the exclusionary rule. In this situation, as to the search of the home, there were "no reasonable grounds for [the officer's belief] that the warrant was properly issued." *Id.* I find and conclude that the good faith exception does not apply here.

Accordingly, IT IS ORDERED that:

(1) Defendant's motion to suppress evidence seized from 501 U.S. Highway 6, Gypsum, Eagle County Colorado is denied; and

(2) Defendant's motion to suppress evidence seized from 95 Barta Court, # 95, Gypsum, Eagle County Colorado is granted.